```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

DAVID F. IASCONE and                :    BK No. 05-11165
CINDY A. IASCONE                            Chapter 7
           Debtors

- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER CONDITIONALLY GRANTING RELIEF FROM STAY

APPEARANCES:

    James E. Kelleher, Esq.
    Attorney for Debtors
    REVENS REVENS & ST. PIERRE
    946 Centerville Road
    Warwick, Rhode Island 02886

    William M. Walsh, Esq.
    Attorney for Creditor, Citi Residential Lending, Inc.
    Law Offices of James J. Caruolo
    33 College Hill Road, Building 15
    Warwick, Rhode Island 02886

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 05-11165

The Debtors object to the Motion of Citi Residential Lending, Inc. ("Citi") for leave to foreclose its mortgage on the Debtors' house.  At the hearing the parties were invited to present testimony or add other evidence into the record, but both elected to rest on their written submissions and oral argument.

In opposition to the Motion, the Debtors presented an unusual but risky argument, citing the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (hereinafter "TILA"), requesting equitable relief in the form of modification of the principal and interest terms of the note.  The Debtors have not filed an adversary proceeding, nor do they seek the conventional remedy of rescission under TILA.  Upon consideration of the arguments, I find that the Debtors' argument is flawed and inaccurate, that the documents upon which they rely are not as represented, and that in no other respect have the Debtors established either a violation of any provision of TILA, or any independent factual ground to warrant equitable relief.

### BACKGROUND

On March 21, 2005, the Debtors obtained a $403,000 residential mortgage loan from Ameriquest Mortgage Securities, Inc., Citi's predecessor-in-interest, with the following relevant terms:  (1) "Interest only" payments for the first 5 years, *see* Citi Exhibit B, Note, p. 1, ¶3; (2) Interest fixed at 6.650% for the first two

1

BK No. 05-11165

years, *see id*. at ¶¶ 2 & 4; and (3) interest adjustable on April 1, 2007, and at six month intervals thereafter.

In their written memorandum the Debtors argue that:

> The act [TILA] requires disclosure of all material terms including but not limited to the amount and timing of payments. In the instant case, the TIL annexed as Exhibit A does indeed disclose a payment schedule. The problem in this case is that, after providing Debtors with the TIL, Citi's predecessor presented a promissory note that, in fine print, said something quite different. Congress enacted the TILA to regulate the disclosure of the terms of consumer credit transactions in order "to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual costs of financing." In re Bilal, 296 B.R. 828 (Bankr. D. Kan. 2003). By providing a clear and understandable TIL and then switching the terms on a subsequent document, it is clear that the actions of Citi's predecessor would likely result in the very same misleading that Congress sought to prevent.

Debtors' Memorandum of Law, Docket No. 157, p. 3. At oral argument Debtor's counsel again urged that the Debtors were victims of a classic "bait and switch," and that the real terms of the transaction were buried in legalese within seventeen pages of a convoluted promissory note. In support of their position, the Debtors attach two exhibits to their Memorandum – (1) Exhibit A described as the "TIL"; and (2) Exhibit B described as "the relevant section of the promissory note." *Id.* at p. 2. Both Exhibit descriptions are incorrect and misleading.

2

BK No. 05-11165

Citi's response is not helpful to the Court, as it fails to address the shortcoming of the Debtors' arguments regarding either the evidence or the law.  As a result, the adversary system fails in this case, which is treated by the Court as a virtually uncontested matter.

## DISCUSSION

An examination of the documents on which the Debtors base their case reveals two things:  (1) Debtors' Exhibit A is the Truth in Lending Disclosure Statement (TILA), only one of the various disclosures required by Regulation Z, 12 C.F.R. §226.1 *et seq.;* and (2) Exhibit B is not a part of the loan document signed by the Debtors.  Regarding the promissory note, the Debtors are informed that Citi's Exhibit B[1] consists of three pages – not the ominous seventeen-page document described in oral argument by Debtors' counsel.  The terms of the transaction are spelled out clearly on page 1, and mirror accurately the TILA disclosures that were provided to the Debtors.  *See* Citi Exhibit B.

The Debtors' Exhibit B, presented to the Court as "the relevant section of the promissory note," is actually part of the disclosure form required by Regulation Z for mortgages of this nature.  *See* 12 C.F.R. §226.19(b); Appendix H to Part 226, Close-

---

[1]    The parties have stipulated that all marked documents are full exhibits.

3

BK No. 05-11165

End Model Forms and Clauses; Federal Reserve Board Staff Commentary, 46 FR 20848-01, 20877. The document is captioned: "FIVE YEAR INTEREST ONLY 2 YEAR FIXED/ADJUSTABLE RATE MORTGAGE PROGRAM DISCLOSURE," and contains many of the buzz words, phrases, and examples required by Regulations Z, as well as the model form and staff commentary.

Because this Court finds no inconsistency between the disclosures required by TILA, Regulation Z, or the promissory note, the Debtors' main argument fails, ending any need for further analysis.  The Debtors' allegations of "bait and switch" are totally unfounded, based upon the record.

In order to leave no stone unturned, however, we have reviewed the disclosures provided by Citi's predecessor, and rule that they comply fully with TILA and Regulation Z.  The initial TILA disclosure contains the following payment schedule:

| Number of Payments | Amount of Payments | Payments are Due Monthly Beginning |
|---|---|---|
| 24 | $2,233.30 | 05/01/2005 |
| 36 | $2,854.59 | 05/01/2007 |
| 299 | $3,245.07 | 05/01/2010 |
| 1 | $3,240.06 | 04/01/2035 |

*See* Debtors' Exhibit A and Citi's Exhibit E.  Referencing this exhibit in a vacuum, the Debtors argue that the interest rate should not have changed until May 1, 2007, and that 36 months of fixed payments were assured before the interest rate would change

4

BK No. 05-11165

again. Other than the *alleged* discrepancy between the promissory note and disclosures discussed *supra*, the Debtors do not cite any statutory authority or case law to support their claim for the equitable relief they seek.[2]

The statute is specific as to the items that must be part of a disclosure statement: "[t]he number, amount, and due dates or period of payments scheduled to repay the total of payments." 15 U.S.C. § 1638(a)(6); *see also* 12 C.F.R. §226.18(g)(1). In determining whether there is a TILA violation, "[c]ourts pay particular heed to the FRB Staff Commentary to TILA's regulations." *Hamm v. Ameriquest Mort. Co.*, 506 F.3d. 525, 528 (7th Cir. 2007), and "[d]eference is especially appropriate in the process of interpreting the Truth in Lending Act and Regulation Z. Unless demonstrably irrational, Federal Reserve Board staff opinions construing the Act or Regulation should be dispositive. ..." *Ford Motor Credit v. Milhollin*, 444 U.S. 555, 565 (1980). Where, as here, a "loan involves both a variable interest rate and scheduled variations in payment amounts, the schedule of payments should 'disclose the amount of any scheduled initial payments followed by an adjusted level of payments *based on the initial interest rate*.'" *Andrews v. Chevy Chase Bank*, *FSB*, 240 F.R.D. 612, 616 (E.D. Wis.

---

[2] In fact, neither party has provided any guidance to the Court on this issue.

5

BK No. 05-11165

2007)(*quoting* Commentary §226.17(c)(1))(emphasis added), *rev'd on other grounds,* _ F.3d _, 2008 WL 4330761 (7th Cir. September 24, 2008). In addition, the commentary states that with variable rate loans, "disclosures must be given for the full term of the transaction, with all disclosures calculated on the basis of the rate in effect at the time of consummation of the transaction." 46 FR 20848-01, 20877. There is nothing in this record to establish that the disclosures provided by the lender violate any provision of Regulation Z or TILA.

For the foregoing reasons, the Court finds that the Debtors have not established any basis upon which to grant the relief they seek. Therefore, their objection to the Motion for Relief From Stay is **OVERRULED,** and Citi's Motion for Relief from Stay is **GRANTED, CONDITIONALLY**, as follows:

Because the Debtors represent that they have set aside enough funds to cure the arrearage (which includes scheduled interest rate increases), this Order is stayed for 30 days to allow the Debtors to bring the loan current. If the default is cured, Citi's Motion for Relief from Stay will be denied, as moot. If the Debtors fail to timely cure the arrearage, a final order granting relief from stay will enter on November 24, 2008.

BK No. 05-11165

Enter Judgment in accordance with this Decision.[3]

Dated at Providence, Rhode Island, this     24th     day of October, 2008.

*[signature]*

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 10/24/08

---

[3] Since neither party submitted any argument or authority that would be instructive or helpful to other Courts or readers, this Decision is specific only to the facts of this dispute, and is not intended for use as precedent or citation for any purpose.

7